STATE OF NEBRASKA, APPELLEE, v. JUNIOR JAMES
SALANITRO, APPELLANT.

126 N. W. 2d 164

Filed February 7, 1964. No. 35521.

Adolph Q. Wolf, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This case is a companion case to State v. Tatreau, *ante* p. 381, 126 N. W. 2d 157, although the two cases were separately tried. The appellant is Junior James Salanitro, who will hereinafter be referred to as defendant. The State of Nebraska will be referred to as State. No evidence was offered by the defendant at the trial. The jury returned a verdict of guilty, and, after the overruling of a motion for a new trial, defendant perfected an appeal to this court.

While the trials were separate, the evidence adduced herein is essentially the same as that in State v. Tatreau, *supra*, except for the witnesses needed to establish the identity of Tatreau. Salanitro is referred to by name therein, and the evidence delineated in that case will not be set out herein further than necessary.

Defendant, after the police arrived at 5619 Western Avenue, was found hiding under a bed in an upstairs bedroom on the premises. He was masked and in possession of a 38-caliber revolver. His mask was not removed until he was photographed at the police station. He was identified by Mrs. Harry Lewis and two of the three Lewis children as the shorter of the two masked men who perpetrated the offense described in State v. Tatreau, *supra*. Defendant admitted to the officers that he and another party had gone to 5619 Western Avenue with the intention of holding the family of Harry Lewis hostage to force him to give them money.

Defendant alleges four assignments of error. The first three are as follows: (1) The failure to sustain his motion for a directed verdict; (2) the verdict is contrary to the evidence; and (3) the giving of instruction No. 4, defining the term "imprison." His arguments are premised on the theory that the State failed to prove the essential elements of the crime charged against the defendant in that the State failed to prove any unlawful imprisonment within the meaning of the statute, as intended by the Legislature. What we have said

in State v Tatreau, *supra*, sufficiently disposes of these three assignments. It will serve no useful purpose to discuss them further herein.

The fourth assignment is as follows: "That the trial Court committed prejudicial error in refusing to give the following requested instruction to the jury: 'You are instructed that whoever, by threats, intimidation, coercion, extortion or conspiracy, obtains or seeks to obtain money or other valuable consideration, or whoever causes the same to be done directly or indirectly from any person, or compels him to perform any act not consistent with common law or equity, or whoever by such threats, coercion, intimidation, extortion or conspiracy, induces any person to surrender anything of value or relinquish any right guaranteed by the laws of Nebraska, in consideration of such threats, coercion, intimidation, extortion or conspiracy, shall be deemed guilty of blackmail.' "

Essentially, the only question raised by the defendant in his brief is the contention that he should have been tried for a different crime than that for which he was found guilty.

The tendered instruction is in the precise words of section 28-445, R. R. S. 1943, defining blackmail by threats. While the State may have had a choice of charges, which we do not pass on herein, error cannot be predicated on the failure to charge a defendant with a crime more favorable to the defendant as to penalty than the one with which he is charged.

As suggested in State v. Tatreau, *supra*, the crime of kidnapping in its very nature embraces other crimes than the one defined in the statute. The question involved herein is, does the evidence warrant conviction of the crime with which the defendant is charged, kidnapping, as defined in section 28-417, R. R. S. 1943? Our answer is that it does.

To render the failure to give an instruction prejudicially erroneous, it is not sufficient that correct ab-

stract propositions of law are therein embodied, but in addition it is requisite that such propositions be pertinent to the case being tried. The instruction tendered by the defendant was properly refused.

For the reasons set out in State v. Tatreau, *supra*, as well as herein, the evidence sustains the verdict. The judgment herein should be and hereby is affirmed.

AFFIRMED.